UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANIEL J. RYAN, TARA M. KREUDER,
and MYA RYAN,

                *Plaintiffs*,

    v.

THE TOWN OF AMHERST,
AMHERST CENTRAL SCHOOL DISTRICT,
AMHERST CENTRAL SCHOOL DISTRICT
BOARD OF EDUCATION,
GREGORY PIGEON, HEATHER KYSTOIAK,
SCOTT LAWNICZAK, DAVID BENTON,
MARK BECHTEL, RONALD SMITH,
DAVE SCHNEIDER, KATHERINE LAVEAN
(i/s/h KATHERINE VAN LEAN), CHRISTINE FILIPSKI,
EVELYN FOREMAN, ADAM SIDOTE,
JULIE MUDD, C.S., and HEATHER SIDOTE,

                *Defendants*.

---

**DEFENDANTS KATHERINE LAVEAN (I/S/H KATHERINE VAN LEAN)
AND EVELYN FOREMAN'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS**

Case no. 1:24-cv-00536-LJV

---

**JEREMY C. TOTH**
*Erie County Attorney*

Erin E. Molisani
Assistant County Attorney
95 Franklin Street, Room 1634
Buffalo, New York 14202
Telephone: (716) 858-2216
Email: erin.molisani@erie.gov

# INTRODUCTION

Looking beyond the histrionics and self-righteousness permeating plaintiffs' opposition to the instant motion, at the heart of it is a clear lack of any viable claim. Defendants Evelyn Foreman and Katherine LaVean (incorrectly sued herein as "Katherine Van Lean")(hereafter "defendants" or "the CPS workers") respectfully ask for an Order dismissing the Complaint for want of stating a cause of action, and because they are entitled to qualified immunity for the discretionary actions taken here.

# COUNTER-ARGUMENT

## POINT I

### THE UNOPPOSED OR UNADDRESSED PORTIONS OF DEFENDANTS' MOTION SHOULD BE GRANTED

A party who fails to address or argue a point in opposition to a motion risks the Court granting the motion, to the extent it finds the moving party has met their burden. *See generally Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004); *Camarda v. Selover*, 673 Fed. Appx. 26, 30 (2d Cir. 2016); *Higazy v. Templeton*, 505 F.3d 161, 168 n.7 (2d Cir. 2007); *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023)(quotation marks omitted).

Here, plaintiffs have not opposed or addressed the CPS workers' arguments that their claims are actually for negligent investigation, which is not a recognized cause of action in New York State (Dkt. No. 16-2, pp. 14-16 of 26). This argument goes to each of plaintiffs' causes of action, as it is clear from the facts alleged that what they are challenging regarding the CPS workers is a claimed inadequate or insufficient investigation. As there is no cause of action for negligent investigation, an argument plaintiffs do not even attempt to dispute, the whole of plaintiffs' Complaint should be dismissed. Nor have they addressed or opposed the CPS workers' arguments that there was no First Amendment violation (*Id.* at pp. 16-17 of 26). To the

extent the Court here agrees that the CPS workers have met their burden on these issues, dismissal for failure to state a claim is appropriate.

## POINT II

### PLAINTIFFS MISSTATE DEFENDANTS' ARGUMENTS REGARDING PERSONAL INVOLVEMENT

Plaintiffs misstate defendants' position in their first argument in opposition to defendants' motion. Plaintiffs argue that "The CPS Defendants argue that the claims against them should be dismissed for lack of personal involvement." (Dkt. No. 18, p. 6 of 21). But defendants argued that there was a lack of personal involvement only as to Katherine LaVean (Dkt. No. 16-2, p. 25-26 of 26). She is alleged to have sent a letter (Dkt. No. 1 at ¶154). The Complaint alleges in the most general terms that "upon information and belief, that investigation was led by CPS Investigator Foreman, another CPS investigator by the name of Christian Filipski, and CPS Supervisor Van Lean." (*Id*. at ¶155). Defendants submit that these allegations are insufficient to show personal involvement, and plaintiffs' opposition does not change this fact. The claims against Katherine LaVean should be dismissed.

## POINT III

### PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR A CONSTITUTIONAL VIOLATION

Far atop their soapbox, plaintiffs' opposition to the CPS workers' motion is long on overdramatic and sensationalized language and short on (a) any facts to support their claims against the CPS workers and (b) any caselaw that supports their arguments.

As to each of the claims, there is no constitutional right to be free from child abuse investigations. *Brown v. Town of East Haddam*, 213 F.3d 625 (Table)(2d Cir. 2000). Once there is an investigation, there is no viable claim for an alleged insufficient or incomplete investigation

(*see* Point I, above, and Dkt. No. 16-2, pp. 14-16 of 26); J*orgensen v. County of Suffolk*, 558 F.Supp.3d 51, 65 (E.D.N.Y. 2021)("Many of these claims emanate from a characterization of the investigative work as negligent or shoddy; however, such contentions, even if true, are simply not actionable in a Section 1983 case.") *citing Rafiy v. County of Nassau*, 15-cv-6497, 2019 WL 7862885, at *4 (E.D.N.Y. Nov. 13, 2019); *Jaegly v. Couch*, 439 F.3d 149, 153 (2d Cir. 2006). Additionally, each of the constitutional bases plaintiffs assert fail as argued below.

### A.    *Plaintiffs have not stated a claim for violation of familial association*

Plaintiffs did not address defendants' argument and caselaw holding that there is no Due Process Clause violation in the case of private violence against an individual (*See* Dkt. No. 16-2, p. 19 of 26). The allegations as to the CPS workers claim that they did not adequately investigate Mya's living situation (that she chose by running away) and uncover the alleged sexual abuse she was sustaining in that household (that she is not alleging she told the CPS workers about). In the face of the CPS workers not removing Mya from her parents' custody, and with a lack of caselaw supporting plaintiffs' claim that the CPS workers "conspired to conceal Mya," this claim should be dismissed.

### B.    *Plaintiffs have not stated a procedural due process claim*

Once more, plaintiffs have failed to address the caselaw defendants cited concerning procedural due process claims in the context of child welfare, instead relying on generalities of due process. To "state a procedural due process claim ... plaintiffs must allege that the children were removed without parental permission and without Court authorization." *Hollenbeck v. Boivert,* 330 F.Supp.2d 324, 332 (S.D.N.Y. 2004); *see also McNeil v. HCDSS*, No. 6:18-cv-0631, 2018 WL 6173983, at *5 (N.D.N.Y. Aug. 17, 2018), *report and recommendation adopted* 2018 WL 4895848 (N.D.N.Y. Oct. 9, 2018) (plaintiffs' vague and conclusory allegations that

defendants violated their rights, even with claims that CPS worker fabricated lies in her report and lied under oath, was insufficient where it was not alleged that the children were removed).

The allegations plaintiffs cite to in their opposition do not save this claim. They claim that:

> Here, the Complaint alleges that the CPS Defendants deprived the plaintiffs of their protected liberty interest in the care, custody, and control of their daughter without any procedural protections (Compl. ¶¶ 241-250). The CPS Defendants allegedly participated in concealing Mya from her parents for months without providing any notice or opportunity to be heard (*Id*. at ¶¶ 119-120, 137-142, 244-246). When the plaintiffs attempted to see their daughter on June 3, they were denied that opportunity without explanation (*Id*. at ¶¶ 121-131).

(Dkt. No. 18, p. 10 of 21). Of course, there is no claim that the CPS workers removed Mya from her parents' care or custody, and plaintiffs offer no caselaw for the proposition that "hiding" her from her parents is a valid cause of action. The citations to the Complaint that plaintiff cites are either applicable to other defendants or are simply conclusory allegations. The factual allegations, as compared to simply reciting the elements of a claim, are insufficient to state a cause of action against the CPS workers.

###### C. *Plaintiffs have not stated an actionable equal protection claim*

Again, plaintiffs have set forth only conclusory allegations that "it appears that the plaintiffs were singled out from a large group of parents and children in Erie County who have been treated more favorably in similar circumstances" (Dkt. No. 18, p. 11 of 21). But plaintiffs have not set forth anything setting forth who this "large group is" or any factors likening their situation to the one presented here.

Nor does *LeClair v. Saunders*, 627 F.2d 606 (2d Cir. 1980) help plaintiffs, as their opposition argues. The "selective adverse treatment" theory is "lodged in a murky corner of

equal protection law" *Bizzaro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005). In fact, in *Bizzaro*, the Second Circuit noted that, "We have frequently referred to the *LeClair* formulation in our circuit, often in the zoning context, but rarely have found a constitutional violation." (*Id*., collecting cases). The Court found that plaintiffs' claims of angry comments and behavior on the part of defendants ("enraged, engulfed with anger, screaming at [Bizzarro]")

> tend to undercut rather than to bolster their theory. The branch of equal protection law that protects individuals from unequal treatment motivated by malicious or bad faith intent to injure provides protection from adverse governmental action that is not motivated by legitimate governmental objectives. If the motivation to punish is to secure compliance with agency objectives, then by definition the motivation is not spite, or malice, or a desire to get [someone] for reasons wholly unrelated to any legitimate state objective.

*Id*. at 87 (internal punctuation and citation omitted). Plaintiffs have set forth no facts upon which the Court here could conclude that there is a viable equal protection claim, under a class of one of selective adverse treatment theory. This claim should be dismissed.

### D. *The abuse of process claim fails*

Plaintiffs argue that their abuse of process claim survives the instant motion to dismiss because the Complaint "alleges that the CPS Defendants facilitated the filing and pursuit of a child abuse report against Tara and Daniel with the ulterior purpose of retaliating against them for attempting to see their daughter and to further obstruct their efforts to regain custody of Mya. (Compl. ¶¶ 156-160, 277-282)." (Dkt. No. 18, p. 11-12 of 21). This argument asks the Court to ignore not only the facts plaintiffs themselves have alleged, but also the statutory authority concerning reporting and investigation of child abuse allegations. Specifically, they allege that Mya reported her father was physically abusing her (Dkt. No. 1, ¶ 84). This allegation, made to a mandated reported, *statutorily required* CPS to investigate. *See* 18 NYCRR § 432.2(b).

6

Plaintiffs next argue that "the Complaint alleges that this process was perverted after issuance by using it to punish Tara and Daniel for asserting their parental rights, rather than for any legitimate child protection purpose. (*Id*.)." (Dkt. No. 18, p. 13 of 21). Those portions of the Complaint that plaintiffs cite claim the CPS process was the process other defendants allegedly attempted to use against plaintiffs. Moreover, plaintiffs again ignore the fact that there is no "constitutional right to be free from child abuse investigations" *Williams v. Jurow*, No. 05-cv-6949(DAB), 2007 WL 5463418, at *15 (S.D.N.Y. June 29, 2007), *quoting Shapiro v. Kronfeld*, No. 00-cv-6286(RWS), 2004 WL 2698889, at *14 (S.D.N.Y. Nov. 24, 2004). There is no reasonable reading of the Complaint that one could conclude that this claim should survive a motion to dismiss.

### E. The substantive due process claim fails

A plaintiff must establish loss or an interruption of custody to state a substantive due process claim. *See Oglesby v. Eikszta*, 499 F. App'x 57, 60-61 (2d Cir. 2012) (finding no substantive due process violation where "plaintiffs admit that they never lost custody of any of their children"); *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 276 (2d Cir. 2011) ("Where there is no actual loss of custody, no substantive due process claim can lie.") (citations omitted). Plaintiffs here did not lose custody of Mya, nor have they so alleged. Whatever blame they are attempting to put on everyone but themselves is insufficient to state a claim. This claim should be dismissed.

### POINT IV

### THE CPS WORKERS SHOULD BE GRANTED QUALIFIED IMMUNITY

The CPS workers should be granted immunity here. First, plaintiffs have not identified any Second Circuit or Supreme Court case putting the CPS workers on notice that their conduct

was in violation of plaintiffs' constitutional rights. They claim that "the CPS Defendants actively concealed Mya from her parents without there being any suspicious of abuse by either Daniel or Tara, or at least no reasonable suspicions of abuse, and failed to investigate clear evidence of abuse in her new living situation at the Sidote home." (Dkt. No. 18, p. 15 of 21). First, this sentence blatantly misstates what the Complaint alleges: that Mya reported her father was abusing her (Dkt. No. 1, ¶ 84). More than that, however, there is no case setting out a factual scenario such as the one presented in the Complaint. There is therefore nothing putting the CPS workers on notice that "hiding" a child from her parents, or investigating a child's allegation of abuse, or "conspiring" with other people to keep a child from her parents are constitutional violations.

To be sure, the responsibilities statutorily placed on CPS workers, as opposed to whatever theory plaintiffs are attempting to push, do not include forcing a child to stay with his or her parents:

> The child protective service shall be the sole public organizational entity responsible for receiving and investigating, or arranging with the appropriate society for the prevention of cruelty to children to investigate, all reports of suspected child abuse or maltreatment made pursuant to title 6 of article 6 of the Social Services Law, and for either investigating such reports for the purpose of determining if the allegations contained in such reports are indicated or unfounded, or providing or arranging for the provision of a family assessment response to those reports, pursuant to section 432.13 of this Part, for the purpose of assisting the family to assess and address any risk factors for their children. The child protective service shall also be the sole public organizational entity responsible for providing or arranging for and coordinating the provision of those services necessary to safeguard the child's well-being and development and to preserve and stabilize family life, wherever appropriate, for abused and maltreated children who are named in a report assigned to the investigative track and for children in a family served through a report assigned to the family assessment response track.

18 NYCRR § 432.2(b)(1). Mya reported her father was abusing her, sought an Order of Protection against him, and repeatedly ran away. The CPS workers interviewed Mya and confirmed with Mr. Sidote that she was staying there. There is no factual allegation in the Complaint to suggest that the CPS workers knew or should have known about the alleged abuse occurring at the Sidote home. Nor are there any facts alleged as to the CPS workers that substantiates plaintiffs' argument that "The Complaint here alleges precisely such a non-emergency, unauthorized separation of Mya from her parents." (Dkt. No. 18, p. 18 of 21).

The fact is: Mya ran away. The CPS workers investigated the abuse she reported. The rest of the allegations are simply noise from an entitled family looking to cash in on dysfunction of their own making. The CPS workers respectfully ask for a finding of qualified immunity.

## POINT V

### THE FAILURE TO INTERVENE AND CONSPIRACY CLAIMS REMAIN SUBJECT TO DISMISSAL

Plaintiffs' argument in opposition to the CPS workers' motion to dismiss the remaining claims does nothing to change the fact that there are only conclusory assertions in the Complaint. It also ignores the heightened pleading standard required for conspiracy claims. *See Cox v. City of New Rochelle*, No. 17-cv-8193 (KMK), 2019 WL 3778735, *5 (S.D.N.Y. Aug. 12, 2019)("allegations of a conspiracy must be pleaded with specificity, a heightened standard."). These claims ought to be dismissed.

## CONCLUSION

For all of the foregoing reasons, and for those set forth in defendants' initial moving papers, plaintiffs have failed to state a claim. Defendants respectfully ask this Court to dismiss plaintiffs' Complaint in its entirety.

9

Dated:  Buffalo, New York
          August 30, 2024

**JEREMY C. TOTH**
*Erie County Attorney*

By   *s/ Erin E. Molisani*
Erin E. Molisani
Assistant County Attorney
95 Franklin Street, Room 1634
Buffalo, New York 14202
Telephone: (716) 858-2216
Email: erin.molisani@erie.gov

## CERTIFICATE OF SERVICE

      I, Erin E. Molisani, do hereby certify that on August 30, 2024, I electronically filed the foregoing Reply Memorandum of Law with the Clerk of the Court using the Court's CM/ECF electronic filing system, which then electronically transmitted a copy of the foregoing to the following CM/ECF electronic filing system users:

Chad A. Davenport, Esq.
Timothy P. Noonan, Jr., Esq.
**RUPP PFALZGRAF**
*Attorneys for plaintiffs*
1600 Liberty Building
424 Main Street
Buffalo, New York 14202
Telephone: (716) 854-3400
Email: davenport@rupppfalzgraf.com
       noonan@rupppfalzgraf.com

Heather Dechert, Esq.
**WEBSTER SZANYI, LLP**
*Attorneys for defendants Gregory Pigeon, Heather Kystoiak, Scott Lawniczak, David Benton, Amherst Central School District, and Amherst Central School District Board of Education*
424 Main Street, Suite 1400
Buffalo, New York 14202
Telephone: (716) 842-2800
Email: hdechert@websterszanyi.com

Stephen M. Sorrels, Esq.
**HURWITZ FINE, P.C.**
*Attorneys for defendants Town of Amherst, Mark Bechtel, Ronald Smith, and Dave Schneider*
424 Main Street, Suite 1300
Buffalo, New York 14202
Telephone: (716) 849-8900
Email: sms@hurwitzfine.com

Dated:      Buffalo, New York
             August 30, 2024            **JEREMY C. TOTH**
                                                   *Erie County Attorney*

                                                   *s/ Erin E. Molisani*
                                                   Erin E. Molisani
                                                   95 Franklin Street, Room 1634
                                                   Buffalo, New York 14202
                                                   Telephone: (716) 858-2216
                                                   Email: Erin.Molisani@erie.gov