UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DANIEL J. RYAN, TARA M. KREUDER,
and MYA RYAN,

                      Plaintiffs,

v.

TOWN OF AMHERST, AMHERST CENTRAL
SCHOOL DISTRICT, AMHERST CENTRAL
SCHOOL DISTRICT BOARD OF EDUCATION,
GREGORY PIGEON, HEATHER KYSTOIAK,
SCOTT LAWNICZAK, DAVID BENTON,
MARK BECHTEL, RONALD SMITH, DAVID
SCHNEIDER, KATHERINE VAN LEAN,
CHRISTIAN FILIPSKI, EVELYN FOREMAN,
ADAM SIDOTE, JULIE MUDD, C.S., and
HEATHER SIDOTE,

                      Defendants.

_____

Civil Action No.: 24-cv-536


**MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS ADAM SIDOTE, HEATHER SIDOTE, AND C.S. AND JULIE MUDD'S MOTION TO DISMISS AND REPLY TO PLAINTIFFS' OPPOSITION**

Alice J. Cunningham, Esq.
KENNEY SHELTON LIPTAK NOWAK LLP
*Attorneys for Defendants Adam Sidote, Heather Sidote, and C.S.*
The Calumet Building
233 Franklin Street
Buffalo, New York 14202
(716) 853-3801 Ext. 368
ajcunningham@kslnlaw.com

Joseph Agro, Esq.
Marc W Brown, Esq.
GOLDBERG SEGALLA LLP
*Attorneys for Defendant Julie Mudd*
665 Main Street
Buffalo, New York 14203
(716) 566-5400
jagro@goldbergsegalla.com
mwbrown@goldbergsegalla.com

1

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT ............................................................................................................................ 1

I.  PLAINTIFFS HAVE NOT ALLEGED SUFFICIENT FACTS TO PLAUSBLY SUGGEST THAT THE PRIVATE DEEFENDANTS ACTED IN CONCERT WITH STATE ACTORS TO DEPRIVE PLAINTIFFS OF THEIR CONSTITUTIONAL RIGHTS ...................................................................................... 1

    A.  <u>Plaintiffs have not plead facts sufficient to establish a conspiracy between the Private Defendants and State Actors</u> ........................................ 4

    B.  <u>Plaintiffs' claims arising under 42 USC § 1983 must be dismissed against Heather Sidote.</u> ................................................................................. 5

CONCLUSION ......................................................................................................................... 5

## TABLE OF AUTHORITIES

*Federal Rules and Statutes*

FRCP 12(b)(6)..................................................................................................................1

42 USC § 1983................................................................................................................5

*Federal Cases*

Betts v. Shearman,
751 F.3d 78 (2d Cir. 2014) ..............................................................................................3

Ciambriello v. County of Nassau,
292 F.3d 307 (2d Cir. 2002) ............................................................................................4

## PRELIMINARY STATEMENT

Defendants, Adam Sidote, Heather Sidote, and C.S. ("Sidote Defendants"), and Julie Mudd (collectively "Private Defendants") by and through the undersigned counsel, submit this memorandum of law in further support of their Motion to Dismiss and in reply to Plaintiffs' opposition. For the reasons set forth herein, dismissal is appropriate pursuant to FRCP 12(b)(6) as Plaintiffs have failed to state a claim against the Sidote Defendants and Julie Mudd.

## ARGUMENT

**I. PLAINTIFFS HAVE NOT ALLEGED SUFFICIENT FACTS TO PLAUSBLY SUGGEST THAT THE PRIVATE DEEFENDANTS ACTED IN CONCERT WITH STATE ACTORS TO DEPRIVE PLAINTIFFS OF THEIR CONSTITUTIONAL RIGHTS**

Plaintiffs argue that the Complaint alleges facts that, if proven, satisfy the joint action test allowing the Private Defendants to be held liable under 42 U.S.C § 1983. [Dkt. 30, p. 25 ¶ A]. The interactions that the Sidote Defendants had with the other defendants, as set forth in Plaintiffs' Complaint [Dkt. 1], are limited to the allegations below:

> 145. Knowing that Mya's parents were parked in the front parking lot and waiting for Mya so they could catch her before she left and speak with her, the defendants, including but not limited to Principal Pigeon, Detective Smith, and Detective Schneider, conspired together and **instructed C.S. and Adam Sidote** to go to a back parking lot at the school so they could pick up Mya without her parents seeing whose car she got into. (**emphasis added**)
>
> 146. Principal Pigeon, Officer Bechtel, Detective Smith, and Detective Schneider then escorted Mya from the classroom to the back parking lot for the high school, where they walked her to C.S.'s car and handed her to the people who turned Mya into a stay-at home girlfriend to appease the sexual desires of a young boy who clearly is mentally disturbed.
>
> 147. Quite notably, Adam Sidote followed C.S. to the school in his own car, and he was around the corner when Principal Pigeon, Detective Smith, and Detective Schneider walked Mya to C.S.'s car.

1

148. Even though it should have been strange to these defendants to see that Adam followed C.S. in his own car, they did not ask C.S. or Adam why they drove to the school in separate cars.

149. Moreover, these defendants, did not ask C.S. or Adam any questions about Mya's living situation and whether she was safe.

150. In fact, **these defendants did not speak with Adam at all**, and they only asked Mya whether her father had any firearms as she entered into C.S.'s car. (**emphasis added**).

. . .

164. Upon information and belief, the only "investigation" that was done by the CPS investigators, Evelyn Foreman, Christian Filipski, and Katherine La Vean, between the date of the incident and June 17, 2022 (the date of the indicated finding) was a less-than-fifteen minute video conversation with Adam Sidote regarding Mya's living situation at the Sidote home.

165. Specifically, about a week after the June 3rd meeting, CPS Investigator Foreman contacted Adam Sidote and advised him that she would like to discuss Mya's living situation via a video chat.

166. In an effort to deceive CPS into believing that Mya had her own bedroom, C.S.'s parents instructed Mya to assist Adam in preparing for the virtual phone call by throwing her clothes on the floor of an unoccupied bedroom and hanging clothes in the closet to make it appear that she was living in her own room.

. . .

168. The next day, CPS Investigator Foreman had a video phone call with Adam Sidote that lasted approximately ten minutes.

169. Upon information and belief, CPS Investigator Foreman never asked to speak with Mya.

170. Upon further information and belief, when CPS Investigator Foreman inquired about Mya's drug usage, Adam Sidote lied and stated that she was not using drugs or drinking alcohol.

. . .

180. For example, on or around June 13, 2022, C.S.'s parents, with the help and assistance of officers with the Town of Amherst Police Department, convinced Mya to file for an order of protection against her father, Daniel Ryan, and they assisted her in the process of doing so.

[Dkt. 1]

In an attempt to clarify the discrepancy between paragraph 145 and 150, Plaintiffs assert in footnote 1:

> . . . The Complaint alleges that the ACSD defendants "instructed C.S. and Adam Sidote to go to a back parking lot at the school so they could pick up Mya without her parents seeing whose car she got into" (Compl. ¶ 145), but later states that the defendants "did not speak with Adam at all" (Compl. ¶ 150). **These allegations can be reconciled by inferring that the instructions were communicated indirectly, perhaps through C.S. or another intermediary, or that the initial instruction was given but no further conversation occurred at the time of pickup.** Moreover, the key allegation is that there was coordination to conceal Mya's departure from her parents, not the specific mechanics of how that coordination occurred. At the motion-to-dismiss stage, the Court must draw all reasonable inferences in favor of the plaintiff. *Iqbal*, 556 U.S. at 678. Here, it is reasonable to infer that some form of coordination occurred, even if the precise details are not yet clear. The lack of conversation at the time of pickup actually supports Plaintiffs' broader claim that the defendants failed to ensure Mya's safety in her new living situation. These allegations, taken together, are sufficient to state a plausible claim of joint action between the Sidote defendants and state actors.
>
>                                      [Dkt. 1, pg. 25-26, footnote 1, **emphasis added**]

Contrary to Plaintiffs' assertions, it is completely unreasonable to infer that some form of coordination between the State Actors and Private Defendants occurred based on the inconsistent allegations set forth in the Complaint. Under the joint action test, "[a] private actor can only be 'a willful participant in joint activity with the State or its agents' if the two share some common goal to violate the plaintiff's rights". <u>Betts v. Shearman</u>, 751 F.3d 78, 85 (2d Cir. 2014) *quoting* <u>Cunningham v. Southlake Center for Mental Health, Inc.</u>, 924 F.2d 106, 107 (7th Cir. 1991) ["A charge of joint action amounts to alleging some agreement between private and public actors to violate plaintiff's constitutional rights…A requirement of the joint action charge therefore is that both public and private actors share a common, unconstitutional goal." (*internal citations omitted*)].

Unless Principal Pigeon, Detective Smith, or Detective Schneider directed C.S. and Adam Sidote to go to a back parking lot at the school, Plaintiffs have not plead any facts sufficient to

3

show that the Sidote Defendants willfully participated in violating plaintiffs' constitutional rights. If the instruction came from C.S. rather than Principal Pigeon, Detective Smith, or Detective Schneider, as Plaintiffs speculate, that would mean that the "state actors" did not direct the decision to pick up Mya from the back parking lot to avoid her parents. [Dkt. 1 ¶ 145]. Plaintiffs' other allegations simply allege that Adam spoke with CPS Investigator Foreman [Dkt. 1 ¶¶ 164-170], and that Adam and Heather convinced Mya to file an order of protection against her father. [Dkt. 1 ¶ 180]. None of these allegations sufficiently describe how the Private Defendants were empowered by a state authority to exercise guardianship/parental rights over Mya.

The Complaint is completely devoid of facts establishing that the Sidote Defendants and Julie Mudd were working in concert with the other state/municipal defendants or even establishing that a constitutional right has been violated.  Therefore, Plaintiff's second through seventh causes of action arising under 42 U.S.C 1983 must be dismissed.

### A. **Plaintiffs have not plead facts sufficient to establish a conspiracy between the Private Defendants and State Actors.**

None of the allegations set forth in Plaintiffs' Complaint [Dkt. 1], as referenced on page 27-28 of Plaintiffs' Opposition [Dkt. 30] sufficiently plead details of the time, place, and manner in which the Sidote Defendants and Julie Mudd formed an agreement with the other state/municipal defendants to act in concert to inflict an unconstitutional injury on any or all of the plaintiffs. See Ciambriello v. County of Nassau, 292 F.3d 307, 325 (2d Cir. 2002).  Plaintiffs' "clarification" set forth in footnote 1 of its Opposition [Dkt. 30] highlights the conclusory nature of Plaintiffs' allegations. By Plaintiffs' own admission, Principal Pigeon, Detective Smith, or Detective Schneider never spoke with Adam Sidote [Dkt. 1 ¶ 150], and C.S., rather than a state actor, *may have* told Adam to park in the back parking lot to retrieve Mya.  These allegations are

4

insufficient to survive dismissal of plaintiff's 1983 claim for conspiracy against the Sidote Defendants and Julie Mudd as they lack sufficient details to establish such a conspiracy.

### B. Plaintiffs' claims arising under 42 USC § 1983 must be dismissed against Heather Sidote.

The Sidote Defendants reiterate that none of the allegations set forth in Plaintiffs' Complaint, properly articulate that Heather Sidote's conduct was compelled by the State, that she acted jointly with the other municipal defendants, or that she fulfilled a role that is traditionally a public function performed by the state, sufficient to establish she was acting under the color of state law.  For the reasons explained herein and set forth in detail in Defendant's Memo. of law [Dkt. 25-2], Plaintiffs' Complaint against Heather Sidote must be dismissed in its entirety.

## CONCLUSION

Defendants respectfully submit that their motion to dismiss should be granted in its entirety, dismissing plaintiff's second, third, fourth, fifth, sixth, seventh, eighth, eleventh, and twelfth causes of action against the Sidote Defendants and Julie Mudd. Plaintiff's second through eighth cause of action, which arise under 42 U.S.C. § 1983, all require the pleading of sufficient facts to establish that the Sidote Defendants were acting under the color of state law.  Plaintiffs have failed to meet this pleading requirement, relying on nothing more than conclusory, factually unsupported, statements.

As Plaintiffs' causes of action arising under the court's original jurisdiction fail, the pendent state court causes of action for negligence and negligent infliction of emotional distress should

also be dismissed.

Dated: Buffalo, New York
      Nov. 19, 2024

/s/ Alice J. Cunningham
Alice J. Cunningham, Esq.
KENNEY SHELTON LIPTAK NOWAK LLP
*Attorneys for Adam Sidote, Heather Sidote, and C.S.*
The Calumet Building
233 Franklin Street
Buffalo, New York 14202
(716) 853-3801 Ext. 368
ajcunningham@kslnlaw.com

Joseph Agro, Esq.
Marc W Brown, Esq.
GOLDBERG SEGALLA LLP
*Attorneys for Defendant Julie Mudd*
665 Main Street
Buffalo, New York 14203
(716) 566-5400
jagro@goldbergsegalla.com
mwbrown@goldbergsegalla.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this date a copy of the foregoing document was electronically filed using the Court's CM/ECF system, which will automatically send copies of same to counsel of record below:

R. Anthony Rupp, III, Esq.

Chad A. Davenport, Esq.

Stephen M. Sorrels, Esq.

Erin Elizabeth Molisani, Esq.

Marina A. Murray, Esq.

Dated: Buffalo, New York
      Nov. 19, 2024

/s/ Alice J. Cunningham
Alice J. Cunningham, Esq.
KENNEY SHELTON LIPTAK NOWAK LLP
*Attorneys for Adam Sidote, Heather Sidote, and C.S.*
The Calumet Building
233 Franklin Street
Buffalo, New York 14202
(716) 853-3801 Ext. 368
ajcunningham@kslnlaw.com


Joseph Agro, Esq.
Marc W Brown, Esq.
GOLDBERG SEGALLA LLP
*Attorneys for Defendant Julie Mudd*
665 Main Street
Buffalo, New York 14203
(716) 566-5400
jagro@goldbergsegalla.com
mwbrown@goldbergsegalla.com
