UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANIEL J. RYAN; TARA M. KREUDER; and MYA RYAN;

Case No.: 24-cv-536

Plaintiff,

v.

TOWN OF AMHERST; AMHERST CENTRAL SCHOOL DISTRICT; AMHERST CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION; GREGORY PIGEON; HEATHER KYSTOIAK; SCOTT LAWICZAK; DAVID BENTON; MARK BECHTEL; RONALD SMITH; DAVE SCHNEIDER; KATHERINE VAN LEAN; CHRISTINE FILIPSKI; EVELYN FOREMAN; ADAM SIDOTE; JULIE MUDD; C.S.; and HEATHER SIDOTE;

Defendants

---

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S RESPONSE AND FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

---

**HURWITZ FINE P.C.**
Stephen M. Sorrels, Esq.
Maxwell C. Radley, Esq.
*Attorneys for Defendants, the Town of Amherst, Officer Bechtel, Det. Smith, and Det. Schneider*
424 Main Street, Suite 1300
Buffalo, New York 14202
T: (716) 849-8900
F: (716) 855-0874
sms@hurwitzfine.com
mcr@hurwitzfine.com

TABLE OF CONTENTS

Preliminary Statement....1

Argument ....1

I. Qualified Immunity Applies to these Police Defendants....1

II. Plaintiffs Failed to Show They Properly Plead First Amendment Retaliation ....3

III. Plaintiffs Failed to Show That They Suffered *Any* Due Process Violations ....4

IV. Plaintiffs Have Not Shown That They Sufficiently Pled a Violation of the Equal Protection Clause ....5

V. Plaintiffs Have Not Shown That They Have Adequately Pled Abuse of Process ....7

VI. Plaintiffs Cannot Refute That The Police Defendants Did Not Violate Their Right to Familial Association ....7

VII. Plaintiffs' Failure to Intervene Claim Must Be Dismissed ....8

VIII. Plaintiffs' Have Not Sufficiently Plead Police Defendants' Personal Involvement....9

IX. Plaintiffs' Cannot State a *Monell* Claim ....9

Conclusion ....10

TABLE OF AUTHORITIES

**Cases** **Page**

*Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937 (2009) ....................5, 6

*Buekas v. Linaweaver*, 2016 WL 3866383 (S.D.N.Y. July 5, 2016) ....................1

*Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267 (2d Cir. 2011) ....................4

*Duchesne v. Sugarman*, 566 F.2d 817 (2d Cir. 1977) ....................2, 4, 7

*HC2, Inc. v. Delaney*, 510 F. Supp. 3d 86 (S.D.N.Y. 2020) ....................7

*Hu v. City of New York*, 927 F.3d 81 (2d Cir. 2019) ....................6

*Kernan v. New York State Department of Financial Services*, 716 Fed. App'x 61 (2d Cir. 2017) ....................8

*McGowan v. United States*, 825 F.3d 118 (2d Cir. 2016) ....................1

*Pena v. DePrisco*, 432 F.3d 98 (2d Cir. 2005) ....................2

*Rine v. Chase,* 309 A.D.2d 796 (2d Dept. 2003) ....................3

*Ruston v. Town Bd. for Town of Skaneateles*, 510 F.3d 55 (2d Cir. 2010) ....................5, 6

*Troxel v. Granville*, 530 U.S. 57 (2000) ....................2

**Statutes**

Social Services Law §419 ....................3

## PRELIMINARY STATEMENT

Plaintiffs' opposition to Defendants', Town of Amherst (the "Town"), Officer Bechtel, Detective Smith and Detective Schneider (collectively, the "Police Defendants"), fails to successfully argue that Plaintiffs' Complaint establishes any sufficiently pleaded claim as to the Town and the Police Defendants. The Police Defendants respectfully ask this Court for an Order dismissing the Complaint for failing to state any cause of action. Further, the Town and Police Defendants respectfully ask this Court for an order dismissing the Complaint given the entitled qualified immunity afforded to Police Defendants for any discretionary acts subject of the Complaint.

## ARGUMENT

### I. QUALIFIED IMMUNITY APPLIES TO THESE POLICE DEFENDANTS

Plaintiffs incorrectly argue that the Police Defendants' use of qualified immunity argument is misguided, misplaced and not applicable as District Courts will readily grant a motion to dismiss on the basis of qualified immunity. *Buekas v. Linaweaver*, 2016 WL 3866383 at *2 (S.D.N.Y. July 5, 2016). In *McGowan v. United States*, the Second Circuit established that "[f]or a right to be 'clearly' established,' the 'contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." 825 F.3d 118, 124 (2d Cir. 2016) (citations omitted). When a Court makes such determination, it will "consider Supreme Court and Second Circuit precedent as it existed in the time of the challenged conduct." *Id.* (citations omitted). Further, the "absence of a decision by th[e Second Circuit] or the Supreme Court directly addressing the issue will not preclude a finding that the law was clearly established so long as preexisting law clearly foreshadow[s] a particular ruling on the issue." *Id.* (citations omitted) (internal quotations omitted). "A court may 'grant qualified immunity on the ground that a

purported right was not "clearly established" by prior case law, without resolving the often more difficult question whether the purported right exists at all.'" *Id.* (citations omitted).

In the instant matter, Plaintiffs do not argue that the Police Defendants precluded Mr. Ryan and Ms. Kreuder from seeing Mya. Instead, Plaintiffs state, without substantive facts, that the "defendants' actions to conceal Mya and her whereabouts" (Complaint ¶151) created the constitutional violation. Plaintiffs fail to establish how Police Defendants acted to conceal Mya's whereabouts. Plainly, the Police Defendants did not actively conceal or otherwise preclude Mr. Ryan and Ms. Kreuder from contacting or speaking with Mya.

While Plaintiffs assert that "[t]he right of parents to care, custody, and control of their children—is perhaps the oldest of the fundamental liberty interests recognized by this Court" [*Troxel v. Granville*, 530 U.S. 57, 65 (2000)], Plaintiffs fail to cite any case that relates to the application of qualified immunity in the context of the facts alleged herein. Rather and in support of their position, Plaintiffs cite a lineage of cases that do not apply to the factual circumstances alleged in this matter. For instance, *Troxel*, addresses parent visitation rights (530 U.S. at 60), *Duchesne v. Sugarman*, addresses when a child should be returned to a parent who has been hospitalized (566 F.2d 817, 822–23 (2d Cir. 1977)) and even *Pena v. DePrisco*, comes down in favor of the Police Defendants' position. 432 F.3d 98 (2d Cir. 2005).

In *Pena*, the Second Circuit asks how involved a police officer must be to have created or increased the danger a private person is exposed to, because police officers cannot be liable for failing to act to stop violence that they did not actively facilitate. 432 F.3d at 110. If the allegations are that a police officer failed to act to stop violence that they may have passively facilitated, the claim must be denied. *Id.*

In this proceeding, Plaintiffs have alleged just that: that the Police Defendants did not give Mr. Ryan and Ms. Kreuder information related to Mya and, further the Police Defendants permitted Mya to reside in the living situation she chose after running away from home. Thus, given the aforementioned and the arguments *infra*, Plaintiffs fail to show that the Police Defendants violated a clearly established constitutional right and it is evidently shown, even at this stage of this action the Police Defendants are entitled to qualified immunity.

## II. PLAINTIFFS FAILED TO SHOW THEY PROPERLY PLEAD FIRST AMENDMENT RETALIATION

Despite Plaintiffs' arguments to the contrary, they failed to properly plead First Amendment Retaliation. Plainly, the Police Defendants did not engage in an adverse action against the Plaintiff. Plaintiffs' fail to adequately dispose the Police Defendants' mandatory reporter arguments because, mandated reporters "need not await conclusive evidence of abuse or maltreatment but **must act on their reasonable suspicions**." *Rine v. Chase,* 309 A.D.2d 796, 798 (2d Dept. 2003) (emphasis added). Plaintiffs would argue that the Police Defendants, rather than acting as required by Social Services Law §419 should remain saddled in the horns of dilemma and not do anything. Moreover, Social Services Law §419 expressly provides qualified immunity to mandatory reporters from "**any liability, civil** or criminal," that may result from the reporter's good faith submission "of a report." Therefore, given the allegations before the Court, Plaintiffs First Amendment Retaliation claim against the Police Defendants must be dismissed.

## III. PLAINTIFFS FAILED TO SHOW THAT THEY SUFFERED *ANY* DUE PROCESS VIOLATIONS

As indicated in the underlying motion to dismiss, Plaintiffs failed to adequately plead any due process claim. The Police Defendants did not "remove" Mya from Mr. Ryan and Ms. Kreuder's custody. She ran away from home. Plaintiffs argue that Defendants failure to retrieve Mya is

equivalent to removing her. The case of *Duchesne v. Sugarman*, cited by Plaintiffs purportedly in opposition to our motion, does not support their asserted position. 566 F.2d 817 (2d Cir. 1977). In *Duchesne*, a government official refused to return a mother's child after the mother's brief period of hospitalization. *Id.* at 823. Ultimately, the Bureau of Child Welfare's that refused to return her children because the mother was "sweet, but not mother material." *Id.*

The facts in this matter are dissimilar to those of the *Duchesne* matter. It undisputed that Mya removed herself from her parents' home. Plaintiffs Complaint does not allege the Police Defendants precluded or prevented Mr. Ryan and Ms. Kreuder from trying to contact Mya or see Mya outside of the schoolgrounds. In fact, the Police Defendants, as well as other named Defendants, tried to facilitate a meeting with Mya and Ms. Kreuder (which Ms. Kreuder refused). Thus, Mr. Ryan and Ms. Kreuder are attempting to place responsibility for their own inactions upon others, including the Police Defendants.

Mr. Ryan and Ms. Kreuder did not attempt to contact Mya from the day she ran away in May 2022 until July 2022 before her sister's wedding. Compl. ¶¶ 88, 18. Despite Plaintiffs' arguments, not telling someone information that they could get from their daughter cannot be said to be an act of concealment. Moreover, and contrary to any claim of concealment, Ms. Kreuder was offered and expressly declined an opportunity to physically meet with and speak with her daughter. As a result, the Police Defendants did not actively conceal Mya.

As stated in Police Defendants' initial moving papers, a claim for a violation of substantive due process the actions must demonstrate "so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by a full procedural protection." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 275 (2d Cir. 2011). In fact, *Cox*,

discusses a similar instance of a parent's "temporary deprivations" which "do 'not result in the parents' wholesale relinquishment of their right to rear their children' . . . are **not constitutionally outrageous or conscience-shocking**." *Id.* at 275.

In this matter, Plaintiffs were not deprived of their right to raise Mya by any acts other than the actions of the Mya and her parents. In sum, the allegations submitted to the Court are that (i) Mya ran away from home, (ii) Mya reported that she was being physically abused by her father, (iii) when a meeting was attempted to be facilitated, Ms. Kreuder refused to see Mya and Mr. Ryan acted in a manner that caused Mya's school to go into lockdown, and (iv) Mr. Ryan and Ms. Kreuder did not attempt to communicate with Mya until July 2022 shortly before her sister's wedding.

While the Police Defendants do not concede that they submitted the CPS report, it is well established that a mandatory reporter submitting a CPS report cannot be said to be outrageous conduct (see discussion *supra*). Also, the CPS report did not cause Mr. Ryan and Ms. Kreuder any and/or further deprivation of Mya. Therefore, Plaintiffs procedural and substantive due process claims must be dismissed.

## IV. PLAINTIFFS HAVE NOT SHOWN THAT THEY SUFFICIENTLY PLED A VIOLATION OF THE EQUAL PROTECTION CLAUSE

Plaintiffs' equal protection claim only further bolsters the Police Defendant's argument by confirming that they insufficiently pled the claim. As to their argument for class of one equal protection claim, Plaintiffs confirm that they have no specific comparators to which they can compare the conduct of the Police Defendants. *Ruston v. Town Bd. for Town of Skaneateles*, 510 F.3d 55, 58 (2d Cir. 2010). While Plaintiffs rest on *Olech* (decided in 2000), it does not take into consideration the heightened pleading standards required by *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct.

1937, 1950–51 (2009); *see Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55 (2d Cir. 2010) (dismissing a class of one claim for failing to allege specific examples of comparators). In *Ruston*, the plaintiff simply alleged that "the Town refused to consider their application while considering applications submitted by those similarly situated. However, the [plaintiffs] do not allege specific examples of the Town's proceedings, let alone applications that were made by persons similarly situated." *Id.* at 59. Similarly, the Plaintiffs herein allege the same thing: "that the Ryan's were treated differently from other parents of rebellious teens, particularly in how school policies were selectively enforced against them." Dkt. No. 30 p. 36. As *Ruston* shows, Plaintiffs' general statement that parents of other rambunctious teens were not treated this way is insufficient because post-*Iqbal* cases require specific examples of comparators. In this case, the Plaintiffs failed to do so.

Despite a lower similarity standard required for selective enforcement claims, Plaintiffs' selective enforcement claim still fail. Plaintiffs' failure stems from their reliance of the pleading standards set forth in *DeMuria v. Hawkes*. The Second Circuit deemed the pleading standards established in *DeMuria* as superseded by *Iqbal*, 129 S. Ct. at 1950–51. *Ruston*, 610 F.3d at 55. Thus, Plaintiffs are bound by the pleading requirements of *Iqbal*. 129 S. Ct. at 1950–51. In the frame of selective enforcement, the Second Circuit confirmed that a plaintiff needs at least one specific comparator in order for the claim to move forward. *Hu v. City of New York*, 927 F.3d 81, 96 (2d Cir. 2019). Here, Plaintiffs only allege "that the Ryans were treated differently from other parents of rebellious teens, particularly in how school policies were selectively enforced against them." Dkt. No. 30 p. 36. There is no specific comparator to determine whether there is any specific enforcement. Regardless and if a class of one or selective enforcement approach is sued, Plaintiffs'

allegations lack the specificity required by *Iqbal.* Therefore, Plaintiffs' cause of action for equal protection must be dismissed.

## V. PLAINTIFFS HAVE NOT SHOWN THAT THEY HAVE ADEQUATELY PLED ABUSE OF PROCESS

Plaintiffs do not address the Police Defendants' arguments and they do not cite to any case law in support of their opposition. First, Plaintiffs failed to allege that process was issued. "[P]rocess is a direction or demand that the person to whom it is directed shall perform or refrain from the doing of some prescribed act." *HC2, Inc. v. Delaney*, 510 F. Supp. 3d 86, 107 (S.D.N.Y. 2020) (citations and internal quotations omitted). Plaintiffs do not address this portion of the claim, and, thus, the Court should deem that point admitted (i.e., Police Defendants are not alleged to use process to preclude Plaintiffs from doing anything). Further, Plaintiffs failed to show that the CPS report interfered with their person or property—nothing came of the CPS report and no harm from the CPS report was alleged. *Id.*

Lastly, Plaintiffs fail to adequately address the Police Defendants mandatory reporter status. *See* discussion in Point II, *supra*. Under Social Service Law §419 a mandatory reporter is expressly provided qualified immunity to mandated reports from "**any liability, civil** or criminal," that may result from the reporter's good faith submission of a report. On the basis of the foregoing, Plaintiffs' claim for abuse of process must be dismissed.

## VI. PLAINTIFFS CANNOT REFUTE THAT THE POLICE DEFENDANTS DID NOT VIOLATE THEIR RIGHT TO FAMILIAL ASSOCIATION

While the Plaintiffs painstakingly reiterate the Complaint in their attempts to address Police Defendants' arguments, it is notable as to what is missing. The Police Defendants did not universally preclude Plaintiffs from seeing or talking to Mya. The Police Defendants did not remove Mya from her parents' custody. *Cf. Duchesne*, *supra*. Plaintiffs again and again state, in

conclusory fashion, that Police Defendants actively interfered with and concealed Mya from her parents. However, Plaintiffs fail to state what the Police Defendants did to actively interfere and conceal Mya from her parents. Thus, Plaintiffs active interference and concealing statements are simply conclusory statements, without any factual allegations to support them. These statements are being used in an attempt to create the specter of a plausible claim. Plaintiffs have not shown a plausible claim for the Police Defendants violating Plaintiffs right to care and to have custody of the child. As a result, Plaintiffs' claim must be dismissed.

## VII. PLAINTIFFS' FAILURE TO INTERVENE CLAIM MUST BE DISMISSED

As stated at length herein, Police Defendants did not violate Plaintiffs' due process rights, retaliate against or violate any Plaintiffs' constitutional rights. In an attempt to get around the pleading standards, Plaintiffs state that the failure to intervene must survive because they have simply alleged that a constitutional violation occurred. Simply alleging that a constitutional violation occurred does not equate an actionable constitutional violation that has been pled. Based on the discussions in the Police Defendants initial motion and arguments herein, Plaintiffs have failed to plead an actional violation of their constitutional rights. The Plaintiffs' claim must be dismissed.

## VIII. PLAINTIFFS FAILED TO PLEAD CONSPIRACY

Despite Plaintiffs' framing of their pleadings in their opposition to the Police Defendants' motion to dismiss, they still failed to meet the heightened pleading requirements for a cause of action in conspiracy. Plaintiffs rely solely on vague and conclusory allegations in the Complaint without substantive facts alleged as required. *Kernan v. New York State Department of Financial*

*Services*, 716 Fed. App'x 61, 66 (2d Cir. 2017). On this basis alone, Plaintiffs' conspiracy claim must fail.

## IX. PLAINTIFFS' HAVE NOT SUFFICIENTLY PLEAD THE POLICE DEFENDANTS' PERSONAL INVOLVEMENT

The Complaint fails to establish when, where, and how the Police Defendants violated the Plaintiffs' constitutional rights. The Police Defendants have not been alleged to have interfered with Mr. Ryan and Ms. Kreuder's attempts to find Mya. Ms. Kreuder was given an open door to see, meet with and talk to Mya; however, Ms. Krueder expressly refused this opportunity. And Mr. Ryan and Ms. Kreuder could have In response Mr. Ryan "spiraled out of control" and as a result of his actions, Mya's school was put under lockdown. Compl. ¶¶ 128, 131. It is clear that Plaintiffs have not alleged any constitutional violations by the Police Defendants.

## X. PLAINTIFFS' CANNOT STATE A *MONELL* CLAIM

The Town objects the Plaintiffs' claim that the Town focused on a single instance. The Town focused on the fact that the Plaintiffs did not allege that any policy or custom caused any deprivation of Plaintiffs' rights. Dkt. No. 29-2 p. 19–20. Plaintiffs have not addressed the arguments initially put forward by the Town, including any alleged actions by policymakers.

Further, Plaintiffs' theory of failure to train is insufficient. To survive a motion to dismiss, "a plaintiff must plausibly allege that the municipality 'fail[ed] to act when it ha[d] 'actual or constructive notice,' generally from '[a] pattern of similar constitutional violations by untrained employees,' that its training program [was] 'deficient.'" *Bowers v. City of* Salamanca, 20-CV-1206, 2021 WL 2917672 at *3 (W.D.N.Y. July 12, 2021). As no such allegations are made within the Complaint, Plaintiffs have failed to adequately plead a *Monell* claim.

**CONCLUSION**

Given the aforementioned, Plaintiffs Complaint must be dismissed with prejudice on the basis that the Police Defendants are protected by qualified immunity; and as to the Town and the Police Defendants Plaintiff's Complaint failed to state *any* cause of action against either Defendant.

DATED: November 19, 2024
Buffalo, New York

Respectfully,

/s/Maxwell C. Radley____________

Stephen M. Sorrels, Esq.
Maxwell C. Radley, Esq.
HURWITZ FINE P.C.
*Attorneys for Defendants,*
*Attorneys for Defendants, the Town of Amherst, Officer Bechtel, Det. Smith, and Det. Schneider*
424 Main Street, Suite 1300
(716) 849-8900