UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

DANIEL J. RYAN, TARA M. KREUDER, and MYA RYAN,

Plaintiffs,

v.

THE TOWN OF AMHERST, et al.,

Defendants.

Case No. 1:24-cv-536-GWC

**ORDER ON MOTION FOR PROTECTIVE ORDER**
**(Doc. 72)**

Defendants Katherine LaVean and Evelyn Foreman, employees of Erie County Child Protective Services ("CPS"), move for a protective order barring the release of CPS records concerning plaintiffs, and in particular records identifying the person who made a report of possible child abuse. (Doc. 72.) Plaintiffs have submitted an opposition (Doc. 79), and defendants Adam Sidote, Heather Sidote, and C.S. have filed a partial opposition (Doc. 80).

**Facts**

This case arises from an unhappy family episode in the spring and summer of 2022 in Amherst, New York. The Complaint alleges that plaintiff Mya Ryan, a high school student, ran away from home and lived for about three months with another family where she experienced sexual abuse. (Doc. 1 ¶¶ 31–32, 41–43, 65.) Mya and her parents have filed suit against school officials, Town of Amherst police officers, and CPS caseworkers, among others. (*Id.* ¶¶ 10–27.) They allege that these defendants hid Mya from her parents and never checked whether the home where she was staying was safe. (*Id.* ¶¶ 2, 119, 228–230.)

Only one claim is relevant to this motion. Mya's parents allege that following a heated confrontation with school officials and police at the high school on June 3, 2022, which ended with a lockdown of the high school, one or more of the defendants retaliated against them by making a report of "inadequate guardianship" to the New York Statewide Central Register of Child Abuse and Maltreatment ("SCR") (the "SCR report"). (*Id.* ¶¶ 121–131, 154–159.) CPS investigated and made an initial determination that the report met the "fair preponderance of the evidence" standard required by New York Social Services Law § 412(7). (*Id.* ¶ 162.) The charges in the report were later dismissed at the administrative level without a formal hearing. (*Id.* ¶ 163.) The incident forms the basis for a charge of retaliation for the exercise of Plaintiffs' First Amendment rights. The court's decision on the motions to dismiss filed by the school, police, and CPS defendants discusses these allegations in more detail. (Doc. 60 at 7–10.)

**Analysis**

The court previously denied the motions to dismiss the claim of First Amendment retaliation, ruling that plaintiffs had sufficiently alleged the elements of adverse action and retaliatory motive and that it was too early to rule on the defense of qualified immunity. (Doc. 60 at 14–25, 81.) The court specifically addressed the absence of information about who submitted the SCR report:

> Plaintiffs cannot know at this stage in the proceedings which Defendant or Defendants reported [the parents] for inadequate guardianship. It is therefore reasonable for Plaintiffs to plead on information and belief that one or all Defendants participated in the report process. Exactly who did what is a matter for discovery.

(Doc. 60 at 17.) The time for discovery has arrived and the court must rule on whether disclosure of the complainant's identity is appropriate. (*See* Doc. 72-6 at 2; Doc. 79-2 at 1.)

This is not the first case in which parents have sought information from CPS about reports made against them, and in *Van Emrik v. Chemung County Department of Social Services*, 121 F.R.D. 22 (W.D.N.Y. 1988), the court held that federal law controls; Fed. R. Civ. P. 26(b)(1) sets the scope of discovery; and Fed. R. Evid. 501 governs privilege. These provisions, however, "require consideration of the formulation of a privilege rule under state law" and scrutiny of state and federal interests "to ensure vindication of the paramount federal interest with as minimal an intrusion on the state interests as is consistent with the federal claim." *Id.* at 25.

The scope of discovery under federal law is broad. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). In a claim that someone filed a report of child abuse in retaliation for the exercise of First Amendment rights, the identity of the complainant is relevant, proportional to the needs of the case, and not barred by any other factor included in the rule. It would be hard to make a claim of retaliation without disclosure of who made the report. No federal privilege applies. If the court were considering only the federal interest in disclosing the information to the plaintiffs, the decision would be easy.

The real dispute over the proposed protective order arises under New York law because New York Social Services Law § 422 includes a restriction on the release of information identifying the complainant. Section 422(4)(A) states:

> Nothing in this section shall be construed to permit any release, disclosure or identification of the names or identifying descriptions of persons who have reported suspected child abuse or maltreatment to the statewide central register . . . without such persons' written permission except to persons, officials, and agencies enumerated in subparagraphs (e), (f), (h), (j), (l), (m) and (v) of this paragraph.

N.Y. Soc. Serv. Law § 422(4)(A). The two CPS defendants contend that section 422 bars the disclosure of the identity of the complainant to the plaintiffs. (Doc. 72-6 at 4–9.)

While the first of the listed exceptions permits disclosure to "a court, upon a finding that the information in the record is necessary for the determination of an issue before the court," N.Y. Soc. Serv. Law § 422(4)(A)(e), disclosure during discovery is not necessarily disclosure to the court. *See* Fed. R. Civ. P. 5(d)(1)(A) (discovery requests and responses "must not be filed until they are used in the proceeding or the court orders filing"). Whether the complainant's identity may be disclosed to the parties therefore remains a question of federal law, informed by the state's interest in confidentiality. *See Van Emrik*, 121 F.R.D. at 25. Plaintiffs argue that the balance of interests between the federal lawsuit and the state confidentiality provision tips in favor of disclosure. (Doc. 79-2 at 1–2.) Defendants Adam Sidote, Heather Sidote, and C.S. take no position on disclosure of the complainant's identity, but they oppose a protective order covering the CPS records and related testimony as a whole. (Doc. 80-2 at 4–5, 7.)

The court orders production of the records, with limited redactions, to the parties and their counsel only. Disclosure to persons not named in this lawsuit is not permitted. The factors considered by the court in reaching this decision are:

- The identity of the person who filed the SCR report is an essential element of the retaliation claim. If it is a private individual (which is unlikely), the requirement of state action is not present. If it is a school resource officer, a police officer, a teacher, or a school administrator, plaintiffs may have a viable claim.
- As plaintiffs note in their memorandum, other provisions of section 422, including subsections 422(4)(A)(d) and 422(5)(a)(iv), anticipate disclosure to the persons suspected of abuse. (Doc. 79-2 at 8.)
- The federal interest in providing a civil remedy for a potential First Amendment violation is very strong. New York law itself recognizes that a reporter's anonymity

must yield when the information is necessary for a court to determine an issue before it. *Cf.* N.Y. Soc. Serv. Law § 422(4)(A)(e). The interest of CPS in preserving the anonymity of the complaining witness in this case is lessened by the strong likelihood that he or she is one of the professionals present at the school meeting on June 3 at which Mr. Ryan lost his temper. (*See* Doc. 1 ¶¶ 121–131.) CPS, moreover, shares an interest with the other parties in reaching a just and comprehensive resolution of this long-running dispute as quickly as possible.

**Conclusion**

The CPS defendants' Motion for a Protective Order (Doc. 72) is GRANTED IN PART and DENIED IN PART. For the above reasons, the court orders that the SCR report and associated records, including the identity of the complainant, be provided to the parties and their counsel within 15 days of this order, on the condition that no person reveal this information to third parties not named in this lawsuit. Before production, CPS may redact information identifying minors who are not parties to this lawsuit and witnesses, other than the complainant, who were not involved in the events at issue, as plaintiffs have proposed. (Doc. 79-2 at 19.) Any dispute over the scope of redactions shall be raised with the court before production.

The motion is denied without prejudice to the extent it seeks to bar testimony concerning the CPS records. Any dispute over specific deposition testimony may be raised after the records have been produced. As with the SCR report and associated records, no person may reveal testimony concerning the records to third parties not named in this lawsuit.

Dated at Burlington, in the District of Vermont, this 20th day of November, 2026.

Geoffrey W. Crawford, Judge
United States District Court